M’Girk, C. J.,
delivered the opinion of the Court.
By the bill it appears that Brady, the testator, was indebted to Ellis: and that, to-pay said debt, he gave Ellis notes on the Insurance Company j that Ellis took the notes, not in discharge of the debt, but conditienally~-if they would pass; that if, they would not pass, Brady was to take them back; that they would not pass, and' Brady refused to take them back. . The bill also alledges that Brady pretended he had no other money but these notes; but that complainant, the same day, afterwards, had reason to believe, from the size and appearance of defendant’s pocket-book, that this was false. This bill presents no equity. Ellis might, by his own showing, have sued Brady on the original contract, as that still subsisted •, and he might have Sued Brady on the new contract, if broken. The remedy is clear at law, and not a, case for equity. The bill, on the hearing, shpuld have been dismissed for want of equity. ,
The decree in this case is reversed, with costs ; and this Court, proceeding to give such decree as the Court below ought to have given, decree the complainant’s-MU to be dismissed, with costs, &.c.